DAUKSCH, Judge.
This is an appeal from a final judgment in an eminent domain case.
For two reasons we must reverse the judgment and remand the case for a new trial. The first reason is that the person the county called as a witness as to the value of the property was unable or unwilling to pro *350 vide the court and jury with proper documentation and support for his opinion as to the value of the property being taken. Although he said that he “used market data, interviews with [persons] and other materials ... to come up with these adjustments,” on cross-examination he would not or could not produce any of the market data or names of persons to support his statements. His testimony was inherently incredible.
The second reason is that this same witness, a county employee, was permitted, over objection, to tell the jury that the notice of taking was not accurate; that the county was not really going to take all of the land it would be entitled to, under the ultimate judgment, so the appellant was not going to lose as much as had been originally proposed. Thus, he suggested that the jury award a lesser amount than what appellant would get under the entire taking. Although the appellant sought a mistrial for this behavior, the trial judge allowed the county to “amend” its notice of taking midtrial. Once that skunk was tossed into the jury box, the trial needed aborting.
REVERSED and REMANDED.
HARRIS and ANTOON, JJ., concur.